[Cite as *Eckmeyer v. Blough*, 2013-Ohio-3603.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| KEVIN ECKMEYER | C.A. No. 26669 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID A. BLOUGH, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CV 2008-02-1769 |

DECISION AND JOURNAL ENTRY

Dated: August 21, 2013

WHITMORE, Judge.

{¶1} Plaintiff-Appellant, Kevin Eckmeyer, appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellees. This Court affirms.

I

{¶2} In November 2005, Eckmeyer filed a complaint in the Summit County Court of Common Pleas alleging a violation of his civil rights, malicious prosecution, abuse of process, and civil conspiracy. Eckmeyer listed as defendants: Brimfield Township Board of Trustees, Brimfield Township, Brimfield Township Police Department, Brimfield Police Chief David Blough, Detective Sharon Hissom, Officer William Reese, Officer David Kinar, and John Doe, officer for the Brimfield Police Department (collectively, "the Brimfield Defendants"). Eckmeyer also named other defendants including, Nora Hunt, Irene Jordan, John Klapp, Debbie

Klapp, Marcel Mundy, Howard Thomas, and New Beginnings Fellowship Church, (collectively, "the Remaining Defendants"). The case was removed to federal court.

{¶3} In federal court, the Brimfield Defendants filed a motion for summary judgment. On January 11, 2007, the United States District Court issued an order granting their motion. The order dismissed the federal claims against the Brimfield Defendants with prejudice and declined jurisdiction over the state law claims, dismissing them without prejudice. The order concludes: "[t]here are no remaining allegations against these Defendants and therefore, the Court finds no just reason for delay from the granting of summary judgment to Defendants on these issues. Fed.R.Civ.P 54(b)." The federal case, however, remained open until February 28, 2007, when the court granted summary judgment in favor of the Remaining Defendants.

{¶4} On February 27, 2008, Eckmeyer re-filed his complaint in the Summit County Court of Common Pleas. The Brimfield Defendants filed a motion for summary judgment arguing, in part, that the complaint was untimely filed. Eckmeyer filed a response in opposition. The trial court granted the Brimfield Defendants' motion for summary judgment finding that the time to re-file under the savings statute had expired. Eckmeyer appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CLAIMS AGAINST THE BRIMFIELD DEFENDANTS ON THE BASIS THAT THE SAVINGS STATUTE HAD RUN.

{¶5} In his sole assignment of error, Eckmeyer argues that the court erred when it did not find that his claim was re-filed within a year of the dismissal of his federal lawsuit.

Specifically, Eckmeyer argues that time under the savings statute only begins to run when an entire action has been terminated and not when the claims against one party are dismissed.

{¶6}  Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).  This Court reviews a trial court's decision to grant a motion for summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶7}  The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).  Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial.  *Id*. at 293.

{¶8}  R.C. 2305.19(A), known as the savings statute, provides, in relevant part, that:

In any action that is commenced[,] * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

"[P]arties seeking refuge under R.C. 2305.19 must meet three requirements: (1) an action must have been commenced or attempted to have been commenced prior to the expiration of the applicable statute of limitations; (2) the cause of action must have failed otherwise than upon the merits; and (3) the failure of that action must have occurred after the statute of limitations period has expired."  *Haupricht v. Davis Farm Services, Inc.*, 6th Dist. Fulton No. F-95-013, 1995 WL

643140, *3 (Nov. 3, 1995), quoting *Hoagland v. Webb*, 2d Dist. Montgomery Nos. 14024 & 14061, 1994 WL 237504, *6 (June 3, 1994).

{¶9}	Here, the parties do not dispute that the three requirements have been met and that the savings statute applies to the re-filed complaint. Instead, the interpretation of R.C. 2305.19 is the sole issue presented. Eckmeyer argues that the savings statute applies to actions and not claims. According to Eckmeyer, the district court's judgment entry on January 11, 2007, did not start the clock under the savings statute because the action was still pending in federal court as to the Remaining Defendants. The time only began to run, according to Eckmeyer, when the district court dismissed the entire action on February 28, 2007.

{¶10}	The Court notes the absence of any case law directly on point. However, Eckmeyer's position is not persuasive. The district court issued a judgment entry on January 11, 2007, which left "no remaining allegations against [the Brimfield Defendants,]" and the court included language that it found "no just reason for delay," citing Fed.R.Civ.P. 54(b). This language made the order final and appealable. At that time, the action, as it related to the Brimfield Defendants, was terminated and had failed "otherwise than upon the merits." R.C. 2305.19. *See Naylor v. Mt. Sinai Medical Center*, 8th Dist. Cuyahoga No. 64340, 1993 WL 541590, *3 (Dec. 30, 1993). *See also Firsdon v. Mid-American Nat. Bank & Trust Co.*, 6th Dist. Wood No. 90WD083, 1991 WL 254218, *5 (Oct. 11, 1991) (pending cross-claims in federal court did not prevent savings statute clock from running). According to the savings statute, Eckmeyer then had one year to re-file his action against the Brimfield Defendants. R.C. 2305.19. Eckmeyer failed to do so.

{¶11}	Because Eckmeyer did not re-file his action against the Brimfield Defendants within one year after dismissal, his action is now untimely and barred by the statute of

limitations. Because the claims are barred by the statute of limitations, the trial court did not err in granting summary judgment in favor of the Brimfield Defendants. Accordingly, Eckmeyer's sole assignment of error is overruled.

## III

{¶12} Eckmeyer's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶13} I concur in the majority's decision affirming the trial court's award of summary judgment in favor of the Brimfield Defendants. I would reach the same conclusion, but for a different reason.

{¶14} The Brimfield Defendants argue that Mr. Eckmeyer failed to preserve his instant argument for appeal. I agree. Although the statute of limitations is an affirmative defense to be raised by the defendant, "the saving statute is an assertion to be made by the plaintiff either as a reply to an answer under Civ.R. 7(A) or as a regular response to a motion for summary judgment under Civ.R. 56." *Topazio v. ACME Co.*, 186 Ohio App.3d 377, 2010-Ohio-1002, ¶ 24 (7th Dist.). In this case, Mr. Eckmeyer did not raise the saving statute in either manner below. In response to the defendants' motion for summary judgment below, Mr. Eckmeyer argued only that the applicable statute of limitations was four years. He raises on appeal for the first time the argument that the saving statute enunciated in R.C. 2305.19 applies from the time of termination of the entire action rather than from the time of dismissal of individual claims. "When reviewing arguments on appeal, this Court cannot consider issues that are raised for the first time on appeal." *Carnegie Cos., Inc. v. Summit Properties, Inc.*, 9th Dist. Summit No. 25622, 2012-Ohio-1324, ¶ 8, quoting *Harris v. Akron*, 9th Dist. Summit No. 24499, 2009-Ohio-3865, ¶ 9. Because Mr. Eckmeyer did not raise the issue of the timing of the application of R.C. 2305.19 for the trial court's consideration, I would decline to consider that argument for the first time on appeal. I would affirm the trial court's judgment on that basis.

BELFANCE, P. J.
DISSENTING.

{¶15} I respectfully dissent, as I would conclude that Mr. Eckmeyer re-filed his complaint within the time allotted by the savings statute.

{¶16} Procedurally, this matter is properly before this Court. The Brimfield defendants filed a motion for summary judgment arguing that the complaint was not timely filed because the statute of limitations had expired. In response, Mr. Eckmeyer argued that the four-year statute of limitations period applied to the action and, therefore, it was timely filed. The trial court did not agree that the four-year statute of limitations period applied and, instead, agreed that the two-year limitations period applied. It further concluded that the savings statute had been violated because the suit was not filed within one year after certain claims were dismissed notwithstanding the fact that the action had not terminated. On appeal, Mr. Eckmeyer challenges the trial court's legal conclusion that the savings statute was violated. Mr. Eckmeyer did not forfeit his right to challenge the legal reasoning of the trial court simply because he advanced a different legal argument which the trial court rejected.

{¶17} Moreover, I respectfully disagree that *Topazio v. Acme,* 186 Ohio App.3d 377, 2010-Ohio-1002 (7th Dist.), applies in this case. In *Topazio*, the court of appeals addressed the issue of whether a defendant that raised the affirmative defense of statute of limitations but failed to specifically raise the violation of the savings statute waived the right to assert the violation of the savings statute upon moving for summary judgment. *See id.* at ¶ 4-5. The court of appeals concluded that the failure of a defendant to specifically raise the savings statute in answer to the complaint did not constitute a waiver, provided that the answer affirmatively set forth a statute of limitations defense. *See id.* at ¶ 25. Moreover, the dicta in *Topazio* does not stand for the proposition that plaintiff must reply to a defendant's answer that raises a statute of limitations

defense, nor does it suggest that a plaintiff, such as Mr. Eckmeyer, must in all cases affirmatively raise it in response to a motion for summary judgment. If that were the case, then it would relieve the movant of meeting his burden to establish entitlement to judgment as a matter of law as required under Civ.R. 56.

{¶18} With respect to the merits of the issue, notably, the Supreme Court of Ohio has held that the savings statute, R.C. 2305.19, "is a remedial statute and is to be given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure." *Cero Realty Corp. v. Am. Mfrs. Mut. Ins. Co.,* 171 Ohio St. 82 (1960), paragraph one of the syllabus. R.C. 2305.19(A), provides that

> [i]n any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

{¶19} I would conclude based on the language of the statute and its nature, *see Cero Realty Corp.* at paragraph one of the syllabus, that the time for re-filing an action pursuant to the savings statute does not begin to run until a failure of the *action* otherwise than on the merits. Such a conclusion promotes judicial economy and prevents piecemeal litigation. Moreover, in light of the fact that "the savings statute can be used only once to refile a case[,]" *Thomas v. Freeman,* 79 Ohio St.3d 221, 227 (1997), it seems problematic to require a plaintiff to re-file a case within a year of the dismissal of some of the claims, when it is uncertain whether, at some point in time, there may be additional claims that need to be re-filed. Further, there is case law that suggests that, if Mr. Eckmeyer had re-filed his action after the partial dismissal in federal court, and before the complete termination of the case, the savings statute would be inapplicable

to the re-filed action. *See Boozer v. Univ. of Cincinnati School of Law,* 10th Dist. Franklin No. 05AP-1099, 2006-Ohio-2610, ¶ 32 ("Because *Boozer II* remained pending in the Hamilton County Court of Common Pleas when appellant filed *Boozer III* in the Court of Claims, we conclude that appellant failed to file *Boozer III* within one year *after* the failure otherwise than upon the merits of her claims in *Boozer II*.") (Emphasis added.); *see also id.* at ¶ 26. Accordingly, I respectfully dissent from the judgment of the majority.

APPEARANCES:

PAUL R. HOFFER, Attorney at Law, for Appellant.

GREGORY A. BECK and ANTHONY E. BROWN, Attorneys at Law, for Appellee.