[Cite as *State v. Mays*, 2014-Ohio-3815.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100265**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ARRAN MAYS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-571433

**BEFORE:** Celebrezze, J., Boyle, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 4, 2014

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender
By:     Sheryl Trzaska
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Daniel T. Van
        Norman Schroth
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Arran Mays, appeals from his convictions and sentence for aggravated robbery, robbery, felonious assault, and receiving stolen property. After a careful review of the record and relevant case law, we affirm appellant's convictions and sentence.

## I. Statement of the Facts

{¶2} Appellant's convictions stem from the November 4, 2012 robberies of victims Rita Stasienko, Kieonna Speights, and Navetta Clark.

{¶3} Testimony at trial revealed that at approximately 6:00 a.m. on November 4, 2012, Rita Stasienko walked from her home in Cleveland to a nearby bus stop. When she arrived at the bus stop, she was robbed at gunpoint by "two guys." After her purse was taken, one of the individuals hit her in the head with his gun and fired it into the air several times. Stasienko testified that she was unable to identify the individuals because they were wearing masks. The individuals fled the scene in a small "beige" vehicle.

{¶4} Approximately 15 to 20 minutes after Stasienko was robbed, Kieonna Speights was walking to her bus stop when a silver or gray Toyota Corolla pulled up next to her. Speights testified that a man brandishing a gun jumped out of the backseat of the vehicle and demanded her purse.

{¶5} The third victim, Navetta Clark, did not testify in this matter.

**{¶6}** Officer Sedlack of the Cleveland Police Department testified that on November 4, 2012, he responded to a dispatch for shots fired in the area of East 75th and Canton Avenue. When he arrived at the scene, Officer Sedlack conducted an initial interview with Stasienko. According to Officer Sedlack, Stasienko provided him with a brief description of the culprits and the vehicle in which they fled. While completing his investigation into the robbery of Stasienko, Officer Sedlack received a dispatch regarding the suspects' vehicle possibly being involved in a second and third robbery.

**{¶7}** Sergeant Leonard Patrick Lentz of the Cleveland Police Department testified that he received a dispatch indicating that three males in a silver or gray Toyota had committed three robberies in the area. While patrolling, Sgt. Lentz observed a vehicle matching the description driving north on East 124th Street. When Sgt. Lentz attempted to get closer to the subject vehicle, it "took off" at a high rate of speed. Sgt. Lentz testified that he pursued the vehicle for approximately one to five minutes before the vehicle stopped near East 129th Street and the three individuals inside the vehicle "bailed" and attempted to flee the scene. Sgt. Lentz stated that the driver, later identified as codefendant Marcus Beauregard, jumped out of the vehicle holding a firearm in his hand as he ran. Sgt. Lentz further identified appellant as the individual who was sitting in the back seat of the vehicle prior to his attempt to flee the scene. Ultimately, Beauregard and appellant were apprehended and arrested by responding officers.

**{¶8}** Finally, Sgt. Lentz testified that further investigation into the matter revealed that the vehicle used to facilitate the robberies was stolen.

**{¶9}** Once appellant and Beauregard were detained, Speights was brought to the scene and asked if she could identify either of the individuals inside the officers' patrol vehicle. Speights recognized one of the individuals, who was wearing a black hoodie, as the person who robbed her at gunpoint. She recognized the second individual as the driver of the vehicle.

## II. Statement of the Case

**{¶10}** The 16-year-old appellant was named in a five-count complaint in Cuyahoga J.C. No. DL-12-120394, charging him with three counts of aggravated robbery, with one-and-three year firearm specifications; one count of receiving stolen property, with one-and-three year firearm specifications; and one count of discharge of a firearm on or near a prohibited premises.

**{¶11}** On December 13, 2012, the state moved for appellant's case to be transferred from the juvenile division to the general division of the common pleas court for criminal prosecution. After a joint hearing for appellant and Beauregard on January 8, 2013, the juvenile court relinquished jurisdiction and transferred the case to the general division pursuant to R.C. 2152.12.

**{¶12}** On February 19, 2013, appellant was indicted and charged in Cuyahoga C.P. No. CR-13-571433 with two counts of kidnapping in violation of R.C. 2905.01(B)(2); three counts of aggravated robbery in violation of R.C. 2911.01(A)(1); felonious assault in violation of R.C. 2903.11(A)(2); theft of an elderly person in violation of R.C. 2913.02(A)(1); discharge of a firearm on or near a prohibited premises in violation of

R.C. 2923.162(A)(3); receiving stolen property in violation of R.C. 2913.51(A); and two counts of failure to comply in violation R.C. 2921.331(B). All counts also included one-and-three year firearm specifications.

{¶13} On July 10, 2013, appellant entered a guilty plea to Count 2, aggravated robbery, with firearm and forfeiture specifications; amended Count 6, robbery, with forfeiture specifications; amended Count 7, felonious assault, with forfeiture specifications; and amended Count 10, receiving stolen property, with firearm and forfeiture specifications. By recommendation of the state, the firearm specifications attached to Counts 6 and 7 were deleted. The remaining counts were dismissed.

{¶14} On July 15, 2013, the trial court sentenced appellant to three years in prison on Count 2, aggravated robbery, to run consecutively to the attached three-year firearm specification. Further, the trial court sentenced appellant to two years each on Counts 6 and 7, robbery and felonious assault, and six months on Count 10, receiving stolen property, to run concurrently to each other and to Count 2, for a total prison term of six years.

{¶15} Appellant now brings this timely appeal, raising seven assignments of error for review.[1]

### III. Law and Analysis

### A. Mandatory Bindover

---

[1] Appellant's assignments of error are included in the appendix to this opinion.

**{¶16}** In his first assignment of error, appellant argues that the juvenile court erred when it found probable cause that he committed aggravated robbery with a firearm.

**{¶17}** "Juvenile courts possess exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an adult." *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 11, citing R.C. 2151.23(A)(1). However, under certain circumstances, "the juvenile court has the duty to transfer a case, or bind a juvenile over, to the adult criminal system." *Id.*, citing R.C. 2152.10 and 2152.12. There are two types of transfers under Ohio's juvenile justice system — mandatory and discretionary. *State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 894, ¶ 10.

> "Mandatory transfer removes discretion from judges in the transfer decision in certain situations." * * * "Discretionary transfer, as its name implies, allows judges the discretion to transfer or bind over to adult court certain juveniles who do not appear to be amenable to care or rehabilitation within the juvenile system or appear to be a threat to public safety."

*Id.*, quoting *State v. Hanning*, 89 Ohio St.3d 86, 90, 728 N.E.2d 1059 (2000); R.C. 2152.12(A) and (B). When a juvenile court improperly transfers jurisdiction over a minor to adult court, any subsequent conviction in the adult court is void for lack of jurisdiction. *State v. Washington*, 2d Dist. Montgomery No. 20226, 2005-Ohio-6546, ¶ 14, citing *State v. Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995).

**{¶18}** Mandatory transfer is guided by R.C. 2152.10(A), which provides that, under certain circumstances, a juvenile court must transfer cases to adult court for criminal prosecution "as provided in section 2152.12 of the Revised Code." Relevant to

the case at hand, R.C. 2152.10(A)(2)(b) states that an alleged juvenile delinquent is eligible for mandatory transfer when:

> (2) The child is charged with a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply:
>
> * * *
>
> (b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged. R.C. 2152.10(A)(2)(b).

{¶19} R.C. 2152.12(A) establishes the procedure a juvenile court must follow for mandatory transfers. Section (A)(1)(b)(ii) of the statute states that:

> (b) After a complaint has been filed alleging that a child is a delinquent child by reason of committing a category two offense, the juvenile court at a hearing shall transfer the case if the child was sixteen or seventeen years of age at the time of the act charged and either of the following applies:
>
> * * *
>
> (ii) Division (A)(2)(b) of section 2152.10 of the Revised Code requires the mandatory transfer of the case, and there is probable cause to believe that the child committed the act charged. R.C. 2152.12(A)(1)(b)(ii).

{¶20} In the case at hand, there is no dispute that aggravated robbery is a category two offense under R.C. 2152.02(CC)(1). Further, it was stipulated that appellant was 16 years old at the time of the offenses. Thus, the only issue before this court is whether the state established the requisite probable cause necessary for a mandatory bindover of appellant's aggravated robbery offenses to the adult court.

**{¶21}** The probable cause standard for mandatory bindover requires the state to provide credible evidence of every element of an offense to support a finding of probable cause to believe that the juvenile committed the offense before ordering mandatory waiver of the juvenile court's jurisdiction pursuant to R.C. 2152.12(A). *State v. Iacona*, 93 Ohio St.3d 83, 93, 752 N.E.2d 937 (2001). Probable cause in this context is not guilt beyond a reasonable doubt; it is evidence that raises more than a suspicion of guilt. *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 16. This standard requires the juvenile court to "evaluate the quality of the evidence presented by the state in support of probable cause as well as any evidence presented by the respondent that attacks probable cause." *Iacona* at 93.

**{¶22}** In challenging the juvenile court's judgment, appellant argues that the state failed to provide credible evidence of every element of the offense of aggravated robbery to support a finding of probable cause to believe that he committed the offenses in Counts 1 through 3 of his juvenile complaint, namely that he personally used a firearm in the commission of these robberies.

**{¶23}** Our review of the juvenile court's decision is mixed — we defer to the court's credibility determinations by reviewing for an abuse of discretion, but we conduct a de novo review of the legal conclusion of whether there was probable cause to believe that the juvenile committed the charged act. *In re A.J.S.* at ¶ 1.

{¶24} Pursuant to *Iacona,* the juvenile court is required to evaluate the quality of the evidence presented by the state in support of probable cause as well as any evidence presented by appellant that attacks probable cause. *Iacona* at 93.

{¶25} In cases involving the use of a firearm during the commission of an aggravated robbery, the Supreme Court of Ohio has held that

> the mandatory bindover provision of R.C.[2152.10(A)(2)(b)] does not apply unless the child, himself or herself, had a firearm on or about the child's person or under the child's control while committing the act charged and the child displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.

*Hanning*, 89 Ohio St.3d 86, 728 N.E.2d 1059 (2000), at paragraph one of the syllabus.

{¶26} In the instant case, Count 2 of appellant's juvenile complaint referred to the alleged aggravated robbery of Kieonna Speights. At the probable cause hearing, Speights testified that she was robbed at gunpoint by a man who jumped out of the back seat of a small gray or silver Toyota. According to Speights, the gunman was wearing a "black hoodie," "khaki colored pants," and had an "afro" or "dreads." Approximately 45 minutes to an hour after her robbery, officers drove Speights to the location where appellant was being detained to make a cold stand identification. When Speights arrived at the scene, she positively identified the two males being detained by officers as the perpetrators of her robbery — one as the driver of the vehicle and one as the gunman. Speights further identified Beauregard and appellant in court as the men involved in her robbery. While the state could have asked Speights to clarify on the record which of the two defendants she was specifically identifying as the gunman, Sgt. Lentz confirmed that

appellant was the individual who was sitting in the back seat of the vehicle prior to fleeing from the police.

**{¶27}** Considering the totality of the testimony presented, we find that probable cause existed to believe appellant personally possessed a firearm during the aggravated robbery of Speights. Accordingly, mandatory bindover on Count 2, aggravated robbery, was appropriate.

**{¶28}** Moreover, without determining whether there was probable cause to believe appellant personally possessed a firearm during the offenses committed against Stasienko and Clark, we find that the trial court did not err in transferring Counts 1 and 3 of appellant's juvenile complaint to the adult court. As explained further in appellant's second assignment of error, because the offenses in this matter were committed during the same course of conduct,[2] the trial court had the authority to transfer the entire case pursuant to R.C. 2152.12(I) once it found sufficient probable cause to warrant a mandatory transfer of Count 2 to the adult court. *See State v. Brookshire*, 2d Dist. Montgomery No. 25853, 2014-Ohio-1971, ¶ 14 (holding that when multiple offenses arise from the same "course of conduct" and the juvenile court properly transfers the mandatory transfer offense to the adult court, all further proceedings on the remaining offenses are discontinued in the juvenile court pursuant to R.C. 2152.12(I)). To hold

---

[2] Offenses committed during the "same course of conduct" have been defined as "offenses that through their similarity, regularity and time between them are concluded to be part of a single episode, spree, or ongoing series of offenses." *United States v. Sheehan*, D.Montana No. CR 09-13-M-DWM, 2009 U.S. Dist. LEXIS 99800 (Oct. 27, 2009).

otherwise would jeopardize judicial economy and would require dual proceedings in two separate courts on the same set of facts and circumstances. *See Washington*, 2d Dist. Montgomery No. 20226, 2005-Ohio-6546, ¶ 26.

{¶29} Appellant's first assignment of error is overruled.

## B. Transfer of "Non-Category" Offense

{¶30} In his second assignment of error, appellant argues that the juvenile court committed plain error when it transferred Count 4 of his juvenile complaint, receiving stolen property, to the adult court.

{¶31} Within this assignment of error, appellant argues that, pursuant to R.C. 2152.12(F)(2), once the juvenile court determined that appellant was subject to mandatory bindover based on his aggravated robbery charges, it was then required to comply with the amenability procedures outlined in R.C. 2152.12(B) for the discretionary bindover offense of receiving stolen property before transferring the charge to the adult court.

{¶32} In applying the statutory scheme in R.C. 2152.12(F), the Second District has held that when a mandatory transfer offense and a "non-category" offense arise from the same course of conduct and the juvenile court properly transfers the mandatory transfer offense to the adult court, all further proceedings on the discretionary transfer offense are discontinued in the juvenile court pursuant to R.C. 2152.12(I), and the juvenile court is relieved of the requirements under R.C. 2152.12(F). *Washington* at ¶ 26; *see also State v. Henderson*, 2d Dist. Montgomery No. 21866, 2007-Ohio-5368.

{¶33} In pertinent part, R.C. 2152.12(I) provides:

The transfer [of a case under division (A) of this section] abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint, and, upon the transfer, all further proceedings pertaining to the act charged shall be discontinued in the juvenile court, and the case then shall be within the jurisdiction of the court to which it is transferred as described in division (H) of section 2151.23 of the Revised Code.

{¶34} In this case, appellant's receiving stolen property charge resulted from his act of "receiving or retaining" the stolen 2006 Toyota Corolla used to complete the aggravated robberies against Speights, Stasienko, and Clark. Because we find that the offenses underlying appellant's delinquency charges arose from the same course of conduct and that the juvenile court properly ordered proceedings on Count 2 transferred to the adult court pursuant to R.C. 2152.12(A)(1)(b)(ii), all further proceedings in the juvenile division on the receiving stolen property charge were thereafter discontinued per R.C. 2152.12(I), and the juvenile court's jurisdiction was terminated. Accordingly, the juvenile court was relieved of any requirement that R.C. 2152.12(F) otherwise imposes to conduct further hearings or to make findings with respect to appellant's eligibility to be tried as a juvenile on the discretionary offense before transferring proceedings on that charge to the adult court.

{¶35} Appellant's second assignment of error is overruled.

### C. "Reverse Bindover" Procedure

{¶36} In his third assignment of error, appellant argues the trial court erred when it failed to sentence him in accordance with R.C. 2152.121 for Counts 6, 7, and 10, and further failed to remand the matter to the juvenile court after imposing a stayed sentence.

**{¶37}** Initially, we note that appellant failed to raise this issue before the trial court. Accordingly, we are limited to plain-error review. To establish plain error, appellant must point to an obvious error that affected the outcome of the proceedings below. *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920, ¶ 6. Reversal is warranted only if the outcome "clearly would have been different absent the error." *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001). Therefore, any error must have affected the outcome of the trial in this matter.

**{¶38}** R.C. 2152.121 provides, in pertinent part:

(A) If a complaint is filed against a child alleging that the child is a delinquent child and the case is transferred pursuant to division (A)(1)(a)(i) or (A)(1)(b)(ii) of section 2152.12 of the Revised Code, the juvenile court that transferred the case shall retain jurisdiction for purposes of making disposition of the child when required under division (B) of this section.

(B) If a complaint is filed against a child alleging that the child is a delinquent child, if the case is transferred pursuant to division (A)(1)(a)(i) or (A)(1)(b)(ii) of section 2152.12 of the Revised Code, and if the child subsequently is convicted of or pleads guilty to an offense in that case, the sentence to be imposed or disposition to be made of the child shall be determined as follows:
(1) The court in which the child is convicted of or pleads guilty to the offense shall determine whether, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if committed by an adult, division (A) of section 2152.12 of the Revised Code would have required mandatory transfer of the case or division (B) of that section would have allowed discretionary transfer of the case. The court shall not consider the factor specified in division (B)(3) of section 2152.12 of the Revised Code in making its determination under this division.

(2) If the court in which the child is convicted of or pleads guilty to the offense determines under division (B)(1) of this section that, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if

committed by an adult, division (A) of section 2152.12 of the Revised Code would not have required mandatory transfer of the case, and division (B) of that section would not have allowed discretionary transfer of the case, the court shall transfer jurisdiction of the case back to the juvenile court that initially transferred the case, the court and all other agencies that have any record of the conviction of the child or the child's guilty plea shall expunge the conviction or guilty plea and all records of it, the conviction or guilty plea shall be considered and treated for all purposes other than as provided in this section to have never occurred, the conviction or guilty plea shall be considered and treated for all purposes other than as provided in this section to have been a delinquent child adjudication of the child, and the juvenile court shall impose one or more traditional juvenile dispositions upon the child under sections 2152.19 and 2152.20 of the Revised Code.

(3) If the court in which the child is convicted of or pleads guilty to the offense determines under division (B)(1) of this section that, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if committed by an adult, division (A) of section 2152.12 of the Revised Code would not have required mandatory transfer of the case but division (B) of that section would have allowed discretionary transfer of the case, the court shall determine the sentence it believes should be imposed upon the child under Chapter 2929. of the Revised Code, shall impose that sentence upon the child, and shall stay that sentence pending completion of the procedures specified in this division. Upon imposition and staying of the sentence, the court shall transfer jurisdiction of the case back to the juvenile court that initially transferred the case and the juvenile court shall proceed in accordance with this division. In no case may the child waive a right to a hearing of the type described in division (B)(3)(b) of this section, regarding a motion filed as described in that division by the prosecuting attorney in the case.

* * *

(4) If the court in which the child is convicted of or pleads guilty to the offense determines under division (B)(1) of this section that, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if committed by an adult, division (A) of section 2152.12 of the Revised Code would have required mandatory transfer of the case, the court shall impose sentence upon the child under Chapter 2929. of the Revised Code.

**{¶39}** Here, appellant entered pleas of guilty in the common pleas court to one count of aggravated robbery with a firearm specification, as charged in Count 2; one count of robbery as amended in Count 6; one count of felonious assault as amended in Count 7; and one count of receiving stolen property as charged in Count 10. Within this assignment of error, appellant is not challenging his sentence on Count 2, which relates to his conduct against Speights and resulted in a sentence of 6 years (3-year firearm specification to run prior and consecutive to the 3 years imposed on the base charge). Instead, appellant's argument focuses on his robbery, felonious assault, and receiving stolen property convictions, which he maintains would not have been eligible for mandatory bindover "had he been charged with those offenses in the juvenile court prior to transfer." R.C. 2152.121(B). However, in sentencing appellant on Counts 6, 7, and 10, the court ordered those terms to run concurrently to the six years imposed on Count 2, which required a mandatory transfer, for an aggregate sentence of six years. Thus, even if this court were to find error in the trial court's application of R.C. 2152.121(B) with respect to Counts 6, 7, and 10, appellant's sentence would not change. We therefore find that any alleged error would be harmless and would not have affected the outcome in this matter. *See State v. Bradford*, 5th Dist. Stark No. 2013 CA 00124, 2014-Ohio-904.

**{¶40}** Moreover, we do not interpret R.C. 2152.121(B) as requiring the common pleas court to complete a separate analysis for each charge appellant ultimately pled guilty to once it determined under R.C. 2152.121(B)(4) that Count 2, aggravated robbery, required mandatory transfer of the *entire* case. In our view, once the trial court made this

determination, it was permitted to sentence appellant on each count he pled guilty to in CR-13-571433 under Chapter 2929 of the Ohio Revised Code.

{¶41} Appellant's third assignment of error is overruled.

### D. Constitutional Challenges

{¶42} For purposes of convenience, we will address appellant's fourth, fifth, and sixth assignments of error together. Under these assignments of error, appellant argues that R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b), which govern the mandatory transfer of juvenile cases to adult court, violate his constitutional rights to due process, equal protection, and to be free from cruel and unusual punishment.

{¶43} As an initial matter, we note that "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue." *In re I.A.*, 2d Dist. Montgomery No. 25078, 2012-Ohio-4973, ¶ 4, quoting *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. In this case, appellant failed to raise his constitutional challenges to the mandatory transfer in the juvenile court or the trial court, and therefore waived his arguments on appeal. *See State v. Jones*, 8th Dist. Cuyahoga No. 88493, 2007-Ohio-3265.

{¶44} In addition, "a defendant who * * * voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d

927, ¶ 78, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Because appellant does not challenge the validity of his plea, he waived his right to challenge the constitutionality of R.C. 2152.10 and 2152.12 by pleading guilty. *See, e.g., Bradford*, 5th Dist. Stark No. 2013 CA 00124, 2014-Ohio-904, ¶ 76-79; *State v. Quarterman*, 9th Dist. Summit No. 26400, 2013-Ohio-3606, ¶ 3-6 (both cases finding that the defendant was prevented from arguing on appeal that R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) violated his constitutional rights to due process, equal protection, and to be free from cruel and unusual punishment because the defendant pled guilty to the charges against him and did not contest the validity of his plea).

{¶45} Moreover, even if this court were to consider appellant's constitutional arguments, several appellate districts have already determined that the statutory provisions requiring mandatory transfer do not violate due process and equal protection rights under the Fourteenth Amendment. *See, e.g., State v. Ramey*, 2d Dist. Montgomery No. 16442, 1998 Ohio App. LEXIS 2617 (May 22, 1998); *State v. Agee*, 133 Ohio App.3d 441, 728 N.E.2d 442 (2d Dist.1999); *State v. Kelly*, 3d Dist. Union No. 14-98-26, 1998 Ohio App. LEXIS 5630 (Nov. 18, 1998); *State v. Lee*, 11th Dist. Lake No. 97-L-091, 1998 Ohio App. LEXIS 4250 (Sept. 11, 1998); *State v. Collins*, 9th Dist. Lorain No. 97CA006845, 1998 Ohio App. LEXIS 2474 (June 3, 1998) (all finding that the mandatory transfer provisions in former R.C. 2151.26(B), which is now codified as R.C. 2152.12, do not violate a juvenile's constitutional rights to due process and equal

protection under the law). We will continue to follow the precedent on this issue unless otherwise advised by the Supreme Court of Ohio.

**{¶46}** Additionally, appellant's argument that the mandatory transfer statute violates his Eighth Amendment right to be free from cruel and unusual punishment is unpersuasive. "The Eighth Amendment to the United States Constitution states that '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'" *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.2d 890, ¶ 8. "'[C]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person.'" *State v. Weitbrecht*, 86 Ohio St.3d 368, 371, 715 N.E.2d 167 (1999), quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70, 203 N.E.2d 334 (1964). The penalty must be "'so greatly disproportionate to the offense as to shock the sense of justice of the community.'" *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 14, quoting *Weitbrecht* at 371. "As applied to juveniles, the United States Supreme Court has held that the Eighth Amendment prohibits the imposition of the death penalty and the imposition of life without the possibility of parole for nonhomicide offenses." *Long* at ¶ 8, citing *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005); *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). "Most recently, the Eighth Amendment was held to ban mandatory life-without-parole sentences on juveniles in *Miller [v. Alabama*, [567] U.S. __, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012)]." *Id.*

**{¶47}** The statutory provisions at issue in this case, however, do not govern the sentencing of juveniles, but instead govern whether a juvenile case must be transferred to adult court for adjudication. As stated in the concurrence in *Quarterman*, 9th Dist. Summit No. 26400, 2013-Ohio-3606, "[m]andatory bindover does not equate to punishment any more than the mere prosecution of an adult in the common pleas court constitutes punishment." *Id.* at ¶ 16. Furthermore, appellant provides no support for applying Eighth Amendment protections to matters that do not constitute punishment. Accordingly, his Eighth Amendment argument is not well taken.

**{¶48}** Notwithstanding the fact that appellant waived his constitutional challenges to R.C. 2152.12, we find no merit to his challenges, and therefore overrule his fourth, fifth, and sixth assignments of error.

### E. Ineffective Assistance of Counsel

**{¶49}** In his seventh assignment of error, appellant argues that he was denied effective assistance of counsel when trial counsel failed to object to his case being transferred to the adult court.

**{¶50}** Under this assignment of error, appellant contends that his trial counsel was ineffective in failing to object to the juvenile court's transfer of his aggravated robbery charges to the adult court. Appellant also argues that his trial counsel was ineffective in failing to object to the constitutionality of the mandatory transfer of his case.

**{¶51}** We review allegations of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052,

80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To prevail on an ineffective-assistance claim, appellant must establish that his trial counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland* at paragraph two of the syllabus. A trial counsel's performance is deficient if the conduct complained of fell below an objective standard of reasonableness. *Id.*

{¶52} Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Id.* As for prejudice, a trial counsel's deficient performance is prejudicial when counsel's errors are serious enough to create a reasonable probability that, but for the errors, the result of trial would have been different. *Id.*

{¶53} In this case, we have already concluded that the juvenile court properly transferred appellant's aggravated robbery charges to the adult court pursuant to R.C. 2152.10 and 2152.12. Therefore, trial counsel's failure to object to the transfer did not fall below an objective standard of reasonableness. Likewise, having concluded that appellant's constitutional challenges have no merit, it was not unreasonable for his trial counsel to abstain from objecting to the constitutionality of the mandatory bindover provisions in R.C. 2152.12.

{¶54} For the foregoing reasons, appellant has failed to establish that his trial counsel's performance was deficient. Accordingly, appellant's ineffective assistance claim must fail because he cannot satisfy the first prong of *Strickland*.

**{¶55}** Appellant's seventh assignment of error is overruled.

**{¶56}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
MELODY J. STEWART, J., CONCUR

APPENDIX

Appellant's assignments of error:

> I. The juvenile court erred when it found probable cause that Arran Mays committed aggravated robbery with a firearm.
>
> II. The juvenile court committed plain error when it transferred Count 4, receiving stolen property, as a mandatory transfer offense.
>
> III. The trial court erred when it failed to sentence Arran Mays in accordance with R.C. 2152.121 for Counts 6, 7, and 10, and failed to remand the matter to the juvenile court after imposing a stayed sentence.
>
> IV. The juvenile court erred when it transferred Arran Mays's case for criminal prosecution because the mandatory transfer provisions in R.C.

2152.10(A)(2)(b) and R.C. 2152.12(A)(1)(b) violate a child's right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16, Ohio Constitution.

V.   The juvenile court erred when it transferred Arran Mays's case to adult court because the mandatory-transfer provisions in R.C. 2152.10(A)(2)(b) and R.C. 2152.12(A)(1)(b) violate a child's right to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and Ohio Constitution, Article I, Section 2.

VI.   The juvenile court erred when it transferred Arran Mays's case to adult court because the mandatory-transfer provisions in R.C. 2152.10(A)(2)(b) and R.C. 2152.12(A)(1)(b) violate the prohibition against cruel and unusual punishment a guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution and Ohio Constitution, Article I, Section 9.

VII.   Defense counsel rendered ineffective assistance by failing to object to an unconstitutional transfer and illegal sentence.