[Cite as *State v. Ponyard*, 2015-Ohio-311.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101266**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TERRELL PONYARD**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-13-578715-A

**BEFORE:**   E.A. Gallagher, J., Celebrezze, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   January 29, 2015

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender
BY: Sheryl Trzaska
Assistant State Public Defender
250 E. Broad Street, Suite 140
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Norman Schroth
        Daniel T. Van
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶1} Terrell Ponyard appeals the mandatory bindover that removed his case from the Cuyahoga County Juvenile Court to the Common Pleas Court, General Division. Ponyard argues that the mandatory transfer provisions in R.C. 2152.10 are unconstitutional, that his trial counsel rendered ineffective assistance and that the trial court erred in calculating his jail-time credit. Finding merit to a portion of Ponyard's appeal, we affirm in part, reverse in part and remand for proceedings consistent with this opinion.

{¶2} On June 28, 2013, a complaint was filed in the Cuyahoga County Juvenile Court alleging that then 16-year old Ponyard was delinquent of aggravated robbery with one-and three-year firearm specifications. The state sought to have Ponyard's case transferred to the Cuyahoga County Common Pleas Court, General Division, to have him tried as an adult pursuant to Juv.R. 30 and R.C. 2152.12(A). During the bindover hearing, the court informed Ponyard that if probable cause was found, that the Court would have no discretion to retain his case in the juvenile court.

{¶3} At a hearing on September 26, 2013, Ponyard stipulated that there was sufficient probable cause for the court to find that he committed the offenses charged in the complaint and he waived his right to a probable cause hearing. The juvenile court transferred the case to the Common Pleas Court General Division.

{¶4} The Cuyahoga County Grand Jury indicted Ponyard with the following charges: Count 1, aggravated robbery, a first-degree felony, Count 2, kidnapping, a first-degree felony, Count 3, theft, a fifth-degree felony and Count 4, theft, a first-degree misdemeanor. Counts 1, 2 and 3 all contained one-and three-year firearm specifications as well as a forfeiture

specification for a .22 caliber Jennings handgun. Ponyard pleaded guilty to Count 1, aggravated robbery with a one-year firearm specification and a forfeiture specification. The remaining counts and firearm specifications were dismissed as part of the plea agreement. The trial court sentenced Ponyard to a three-year sentence for aggravated robbery, which was to be served consecutive to the one-year sentence for the firearm specification for a total of four years in prison. The trial court indicated that Ponyard would be credited for time served.

{¶5} Ponyard appeals, raising the following assigned errors:

> The juvenile court erred when it transferred Terrell Ponyard's case to criminal court because the mandatory transfer provisions in R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) are unconstitutional in violation of a child's right to due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 16, Ohio Constitution.

> The juvenile court erred when it transferred Terrell Ponyard's case to criminal court because the mandatory transfer provisions in R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) violate a child's right to equal protection as guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 2, Ohio Constitution.

> The juvenile court erred when it transferred Terrell Ponyard's case to criminal court because the mandatory transfer provisions in R.C. 2151.10(A)(2)(b) and 2152.12(A)(1)(b) violate the prohibition against cruel and unusual punishments as guaranteed by the Eighth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 9, Ohio Constitution.

> The trial court erred when it failed to grant Terrell Ponyard jail time credit to reflect the total number of days he was confined in connection with this case. R.C. 2967.191; 2929.12(B)(2)(g)(ii).

> Terrell Ponyard was denied the effective assistance of counsel. Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution; Ohio Constitution, Article I, Sections 9 and 10.

The recent Ohio Supreme Court decision of *State v. Qauarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, resolves Ponyard's first, second and third assigned errors.

{¶6} Alexander Quarterman appealed from a judgment of the Ninth District Court of

Appeals affirming his conviction and four-year sentence for one count of aggravated robbery with a firearm specification. *State v. Quarterman*, 9th Dist. Summit No. 26400, 2013-Ohio-3603. A divided panel of the appellate court concluded that Quarterman failed to preserve his claims that Ohio's mandatory bindover procedures violated his due process and equal protection rights and the prohibition against cruel and unusual punishment. *Id.*

**{¶7}** In affirming the Ninth District, the Ohio Supreme Court held as follows:

> The failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error on appeal, and the burden of demonstrating plain error is on the party asserting it. Not only has Quarterman forfeited his constitutional challenge to Ohio's mandatory bindover procedure by failing to assert it either in the juvenile court or the general division of the common pleas court, but also he has failed to address the application of the plain-error rule to this case and has not given any basis for us to decide that the juvenile court's transfer of his case to adult court amounts to plain error in these circumstances. Because Quarterman failed to engage these dispositive questions, we decline to reach the merits of his constitutional claims.

*Quarterman*, at ¶ 2.

**{¶8}** Like *Quarterman*, Ponyard failed to preserve any objection to the mandatory bindover in either the juvenile or the general division courts. As such, he has forfeited his constitutional challenge to Ohio's mandatory bindover procedure. Ponyard further failed to address the application of the plain-error rule to his case and, like *Quarterman*, has not given any basis for this court to decide that the juvenile court's transfer of his case to adult court amounts to plain error.

**{¶9}** Accordingly, we decline to reach the merits of his constitutional claims. Ponyard's first, second and third assigned errors are overruled.

**{¶10}** In his fourth assigned error, Ponyard argues the trial court erred when it failed to credit him with the total number of days he was confined in connection with his case. This

assigned error has merit.

{¶11} During his sentencing hearing, the trial court stated that "[c]redit for time served shall be given. At this point the defendant has been in jail since October 21, 2013." However, this calculation of time did not include the time Ponyard spent in custody prior his case being transferred to the general division. As such, this case is remanded to the trial court to journalize the appropriate calculation of jail-time credit pursuant to R.C. 2967.191 and R.C. 2929.19(B)(2)(g)(i).

{¶12} Ponyard's fourth assigned error is sustained.

{¶13} In his fifth and final assigned error, Ponyard argues his trial counsel rendered ineffective assistance in failing to object to the mandatory bindover and in failing to ensure that he received the correct amount of credit for time served. This assigned error lacks merit.

{¶14} We review allegations of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To prevail on an ineffective-assistance claim, appellant must establish that his trial counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland* at paragraph two of the syllabus. A trial counsel's performance is deficient if the conduct complained of fell below an objective standard of reasonableness. *Id.*

{¶15} "Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. As for prejudice, a trial counsel's deficient performance is prejudicial when counsel's errors are serious enough to create a reasonable probability that, but for the errors, the result of trial would have been different." *State v. Mays*, 8th Dist. Cuyahoga No. 100265, 2014-Ohio-3815.

{¶16} As it relates to the jail-time credit, it cannot be said that trial counsel was ineffective where the trial court indicated that it would provide jail-time credit. Further, any error in the calculation of jail-time credit will be remedied on remand.

{¶17} Lastly, although the Ohio Supreme Court did not address the merits of the constitutional issues in *Quarterman*, this court did address the constitutionality of Ohio's mandatory bindover provision in *State v. Mays*, 8th Dist. Cuyahoga No. 100265, 2014-Ohio-3815. In *Mays*, this court, citing precedent from other Ohio appellate districts, found no merit to appellant's argument that the statute violated his due process or equal protection rights under the Fourteenth Amendment, nor did it violate the Eighth Amendment's prohibition against cruel and unusual punishment.

{¶18} Absent contrary authority from the Ohio Supreme Court on the constitutionality of Ohio's mandatory bindover statute, this court follows its precedent. As such, we cannot say that Ponyard's trial counsel provided ineffective assistance in failing to object to the constitutionality of the mandatory bindover provisions contained in R.C. 2152.12.

{¶19} Ponyard's fifth and final assignment of error is overruled.

{¶20} The judgment of the trial court is affirmed in part, reversed in part and remanded for a calculation of all jail-time credit.

It is ordered that appellant and appallee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., A.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN PART AND DISSENTS IN PART (WITH SEPARATE OPINION ATTACHED)

SEAN C. GALLAGHER, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶21} I dissent in part from the decision of the majority with respect to the handling of the fourth assignment of error. I concur with the remaining portions of the decision. I agree that the trial court failed to adhere to R.C. 2929.19(B)(2)(g)(i) by failing to incorporate the time-served calculation into the final sentencing entry. Because the trial court stated the appropriate calculation on the record, the final sentencing entry can be corrected through a nunc pro tunc entry.

{¶22} The majority's decision that the trial court erred by failing to include the appropriate calculation of jail-time credit presumes error, subverting the trial court's discretion and grant of jurisdiction to correct calculations pursuant to R.C. 2929.19(B)(2)(g)(iii). *See State v. Morgan*, 1st Dist. Hamilton No. C-140146, 2014-Ohio-5325, ¶ 6.

> Under the amended statute, an "inaccurate" R.C. 2929.19(B)(2)(g)(i) determination does not provide a basis for setting aside a conviction or render a conviction void or voidable. R.C. 2929.19(B)(2)(g)(iv). Nor may an erroneous determination be challenged in a new-trial motion or postconviction petition. R.C. 2929.19(B)(2)(g)(iii).

*Id.* The defendant's remedy is to file a motion with the trial court to raise the issue about the appropriate jail-time credit calculation.

{¶23} In light of the foregoing, Ponyard's fourth assignment of error is without merit.