[Cite as *State v. Knox*, 2022-Ohio-3331.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,               :

     Plaintiff-Appellant,     :

                                      No. 111262

     v.                     :

ANTHONY KNOX, III,      :

     Defendant-Appellee.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 22, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-662635-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Plaintiff-appellant state of Ohio appeals the trial court's refusal to sentence defendant-appellee Anthony Knox, III ("Knox") under S.B. 201 known as the Reagan Tokes Law on the ground that the law is unconstitutional.

{¶ 2} We reverse the trial court's judgment and remand the case for resentencing pursuant to the Reagan Tokes Law.

## I. Facts and Procedural History

{¶ 3} Knox pleaded guilty to robbery, a second-degree felony under R.C. 2911.02(A)(2) and felonious assault, a second-degree felony under R.C. 2903.11(A)(1). The trial court declined to impose sentence under the Reagan Tokes Law finding it unconstitutional pursuant to *State v. Delvallie*, 2021-Ohio-1809, 173 N.E.3d 544 (8th Dist.). Knox was sentenced to two-years on each count, to be served concurrently.

{¶ 4} The state appeals as a matter of right and poses a single assigned error: "the trial court plainly erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201." We agree.

{¶ 5} "The failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error on appeal, and the burden of demonstrating plain error is on the party asserting it." *State v. Ponyard,* 8th Dist. Cuyahoga No. 101266, 2015-Ohio-311, ¶ 7. *See, e.g., State v. Jenkins*, 8th Dist. Cuyahoga No. 109323, 2021-Ohio-123, ¶ 23.

{¶ 6} The Ohio Supreme Court held in *State v. Maddox*, Slip Opinion No. 2022-Ohio-764, that constitutional challenges to the Reagan Tokes Law are ripe for review. The parties acknowledge familiarity with this court's en banc decision in *Delvallie*, finding the Reagan Tokes Law constitutional. The state offers that until the Ohio Supreme Court holds otherwise, this court must reverse the trial court's

refusal to impose sentence under the law. Knox counters that the *Delvallie* en banc decision was incorrectly decided.

**{¶ 7}** This court is bound by the authority established in the en banc *Delvallie* decision. The state's assigned error is sustained. The sentence is reversed and remanded for resentencing under the Reagan Tokes Law.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

LISA B. FORBES, J., and
EMANUELLA D. GROVES, J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 356 (8th Dist.) (Laster Mays, J., concurring in part and dissenting in part).

Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 356 (8th Dist.) (Forbes, J., dissenting).

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.