[Cite as *State v. Frazier*, 2019-Ohio-1433.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 106772 and 106773**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**NATHANIEL FRAZIER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-17-617822-A and CR-17-617824-A

**BEFORE:** Celebrezze, P.J., Sheehan, J., and Headen, J.

**RELEASED AND JOURNALIZED:** April 18, 2019

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender
BY:    Timothy Hackett
Assistant Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Gregory J. Ochocki
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Nathaniel Frazier ("appellant"), appeals his conviction and sentence.  Specifically, appellant argues that the juvenile court committed plain error when it consolidated appellant's probable cause hearing with other juvenile codefendants, the juvenile court's finding of probable cause was against the manifest weight and sufficiency of the evidence, the adult court lacked jurisdiction on charges that were not transferred from juvenile court, and appellant was deprived the effective assistance of counsel.   After a thorough review of the record and law, this court affirms.

## I.   Factual and Procedural History

{¶2} Appellant was charged in a 28-count complaint in Cuyahoga J.C. No. DL16114405 for his involvement in seven separate robberies committed by appellant and appellant's codefendants, fellow "OTZ" gang members. These seven robberies were committed from February 2016 through March 2016. Appellant was charged with eight counts of aggravated robbery, eight counts of robbery, eight counts of kidnapping, three counts of grand theft, and one count of felonious assault. The vast majority of these 28 counts additionally had one- and three-year firearm specifications, and criminal gang activity specifications.

{¶3} The state filed a bindover motion pursuant to R.C. 2152.10(A) seeking to transfer appellant's case to the General Divison of the Cuyahoga County Court of Common Pleas ("adult court"). A probable cause hearing was held and the juvenile court found probable cause on 21 of the 28 counts. However, the juvenile court found that the state had failed to produce sufficient evidence to transfer appellant's case pursuant to a mandatory bindover under R.C. 2152.10(A), and converted the state's bindover motion to a discretionary bindover under R.C. 2152.10(B). Thereafter, an amenability hearing was held to determine if appellant was amenable to treatment within the juvenile court system. The juvenile court found that appellant was not amenable, granted the state's bindover motion, and transferred the matter to the adult court.

{¶4} Appellant was indicted in Cuyahoga C.P. No. CR-17-617824-A on all 28 counts as originally charged in the juvenile complaint. Appellant pled not guilty to the indictment.

{¶5} After plea negotiations, appellant pled guilty to an amended indictment, which included four counts of aggravated robbery, one count of aggravated robbery with a three-year firearm specification, one count of aggravated robbery with a one-year firearm specification, and one count of robbery. The remaining counts were nolled. The adult court sentenced appellant

to a prison term of six years on each count, to be served concurrently. In addition, the adult court sentenced appellant to a three-year prison term and a one-year prison term on the firearm specifications to be served prior to and consecutive to the six-year prison sentence. As such, appellant was sentenced to an aggregate prison term of ten years.

{¶6} Appellant was also charged in a juvenile complaint for additional robberies in Cuyahoga J.C. No. DL1616920. The state also filed a bindover motion in this case; however, appellant stipulated to probable cause and that matter was bound over to the adult court. Appellant was indicted on these additional charges in Cuyahoga C.P. No. CR-17-617822-A. After plea negotiations in this case, appellant pled guilty to an amended indictment that consisted of two counts of aggravated robbery and one count of robbery. Appellant was sentenced to a six-year prison term on each count, to be served concurrently. The adult court ran this sentence concurrent to appellant's sentence in CR-17-617824-A.

{¶7} Appellant filed the instant appeal from CR-17-617824-A and CR-17-617822-A, however, appellant's four assignments of error relate to CR-17-617824-A only. Appellant assigns the following four assignments of error for our review:

> I. The [juvenile court] committed plain error and violated [appellant's] right to due process and a fair trial when it consolidated several juvenile cases, and co-defendants for a joint probable cause hearing, even though the evidence was complicated and indirect.
>
> II. The juvenile court's probable cause determinations on [C]ounts [1, 2, 3, 4, 14, and 15] were the product of unsound and arbitrary reasoning and were against the sufficiency and manifest weight of the evidence.
>
> III. [Appellant's] statutory and constitutional rights were violated when he was indicted and convicted on previously-dismissed charges that were never transferred to the [adult court].

IV.   [Appellant] was deprived of his right to the effective assistance of counsel, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution; and, Article I, Section 16 of the Ohio Constitution.

## II.   Law and Analysis

### A.   Severance

{¶8} In his first assignment of error, appellant argues that the juvenile court committed plain error and violated his rights to due process and a fair trial when it consolidated his probable cause hearing with the hearings involving his three codefendants.

{¶9} As an initial matter, we note that appellant's counsel did not object to the joinder at the probable cause hearing.   Although the instant matter pertained to a probable cause hearing on the state's motion to transfer the matter to the adult court, we find that Crim.R. 13, governing joinder of indictments, to be analogous to this case.   As such, we will analyze appellant's first assignment of error pursuant to Crim.R. 13.

{¶10} Crim.R. 13 provides that a trial court may order two or more indictments to be tried together "if the offenses or the defendants could have been joined in a single indictment or information."   In conjunction with Crim.R. 13, pursuant to Crim.R. 8(A), two or more offenses may be charged in a single indictment if the offenses "are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."   Crim.R. 8(A).

{¶11} In order to properly preserve the issue of a trial court's joinder of indictments for appeal, the defendant must object to the joinder of indictments at the time of trial, and at the close of the state's case or at the close of evidence.   *State v. Owens*, 51 Ohio App.2d 132, 366 N.E.2d 1367 (9th Dist.1975), paragraph two of the syllabus.   Furthermore, "[a] party waives any

claim of error concerning the joinder by failing to raise an objection to the joinder." *State v. Harris-Powers*, 8th Dist. Cuyahoga No. 87921, 2007-Ohio-389, ¶ 17.

{¶12} In the instant matter, we note that appellant's counsel did not object to the joinder at any stage of the juvenile proceedings. As such, appellant has waived any argument on appeal related to the joinder. *Id.* at ¶ 18.

{¶13} Furthermore, we note that the probable cause determination is made by the juvenile court, not a jury. Therefore, to the extent that appellant argues that the juvenile court was confused with the various dates of the offenses and the codefendants' involvement, we do not agree.

> The Ohio Supreme Court has repeatedly recognized that when a judge hears evidence in a bench trial, the trial court must be presumed to have "'considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary.'" *State v. Post*, 32 Ohio St.3d 380, 384, 513 N.E.2d 754 (1987), quoting *State v. White*, 15 Ohio St.2d 146, 239 N.E.2d 65 (1968), paragraph two of the syllabus.

*State v. Thomas*, 8th Dist. Cuyahoga No. 90623, 2008-Ohio-6148, ¶ 34.

{¶14} Accordingly, appellant's first assignment of error is overruled.

### B. Probable Cause

{¶15} In appellant's second assignment of error, he argues that the juvenile court's probable cause determination was against the sufficiency and manifest weight of the evidence. Specifically, appellant takes issue with the juvenile court's finding of probable cause as to Counts 1 through 4, 14 and 15.

{¶16} Appellant was charged with the following counts for his involvement in a robbery that occurred on March 16, 2016: Count 1, aggravated robbery, with a criminal gang specification, and one- and three-year firearm specifications; Count 2, robbery, with a criminal

gang specification, and one- and three-year firearm specifications; Count 3, kidnapping, with a criminal gang specification, and one- and three-year firearm specifications; and Count 4, grand theft, with one- and three-year firearm specifications. Appellant was charged with the following counts for his involvement in a robbery that occurred on February 11, 2016: Count 14, aggravated robbery, with a criminal gang specification, and one- and three-year firearm specifications; and Count 15, robbery, with a criminal gang specification, and one- and three-year firearm specifications.

{¶17} The Ohio Supreme Court has stated that a juvenile court's probable cause determination in a bindover proceeding involves questions of both fact and law. *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 51. An appellate court will defer to the juvenile court's "determinations regarding witness credibility, but [will] review de novo the legal conclusion whether the state presented sufficient evidence to demonstrate probable cause to believe that the juvenile committed the acts charged." *Id.* "The 'probable' component of the probable cause determination means that the state must produce evidence that 'raises more than a mere suspicion of guilt, but need not provide evidence proving guilt beyond a reasonable doubt.'" *State v. Taylor*, 8th Dist. Cuyahoga No. 106502, 2018-Ohio-3998, ¶ 4, quoting *In re A.J.S.* at ¶ 42.

{¶18} Pursuant to its bindover motion under R.C. 2152.12(A), the state was required to prove that appellant was 16 or 17 years old at the time of the offense, and that there existed probable cause to believe that appellant committed the acts charged. We note that the parties stipulated that appellant was 17 years old at the time of the offenses. Thus, the only issue before this court is whether the state provided sufficient evidence to establish probable cause that appellant committed the acts charged.

**{¶19}** Appellant's argument that the juvenile court erred in finding probable cause is primarily based on its determinations regarding witness credibility. The state presented several witnesses at the probable cause hearing: the victims of the robberies, investigating officers, and a juvenile codefendant, S.H., who was also charged for his involvement in the robberies. Appellant argues that S.H. was not credible. However, we reject any argument related to S.H.'s credibility because we defer to the trial court's credibility finding. *In re A.J.S.* at ¶ 51. As such, appellant's arguments in this regard are without merit.

**{¶20}** Regarding the March 16, 2016 robbery, S.H. testified that appellant assisted in the robbery. S.H. stated that he, appellant, and another codefendant, J.B., were driving around in a previously stolen vehicle, looking for someone to rob. S.H. testified that they spotted an individual to rob, he and J.B. exited the vehicle, and they robbed the victim at gunpoint. S.H. stated that appellant stayed in the vehicle, presumably as the getaway driver and/or lookout. S.H. also stated that he had his own handgun and J.B. had appellant's handgun during the commission of the robbery. S.H. further testified

> Me, [appellant], and [J.B.], we was in a black 2011 I think Cadillac. * * * As we pulling down the street, we see this man coming out of his house. He got a bookbag on, some car keys.
>
> I hopped out [of the stolen vehicle]. I was gonna hop out to rob him for his car and whatever he had in his pockets. As I hopped out, though, as I approached the man, [J.B.] was right behind me.
>
> [J.B.] took [the victim's] phone and his money. I took his bookbag and the car.

(Tr. 231.) S.H. then drove off in the stolen vehicle, and appellant and J.B. drove off in the Cadillac. This testimony was further corroborated by the victim's testimony. We find these facts sufficient to establish that there existed probable cause to believe that appellant committed

aggravated robbery, robbery, kidnapping, and grand theft as charged in Counts 1 through 4 of the complaint.

{¶21} With regards to the February 11, 2016 robbery, appellant and other juvenile codefendants robbed an owner of a vehicle in Garfield Heights, Ohio, and thereafter drove off in the stolen vehicle. Responding officers located the stolen vehicle as appellant and his codefendants were fleeing the scene of the robbery. Appellant and his codefendants eventually crashed the vehicle and fled the scene of the crash, however, one codefendant, R.C., was apprehended near the stolen vehicle.

{¶22} Detective Grendzynski of the Garfield Heights Police Department testified that a pair of shoes were recovered from the stolen vehicle. Detective Grendzynski testified that through his investigation, he discovered several photographs posted to Facebook of appellant and his fellow OTZ gang members. Detective Grendzynski matched the shoes that were recovered from the stolen vehicle with the shoes appellant was wearing in the photographs. Thereafter, the shoes were sent to the Bureau of Criminal Investigation ("BCI") to determine if DNA could be recovered. As a result of the DNA testing, appellant's DNA was recovered on the shoes.

{¶23} We find these facts sufficient to establish that probable cause exists to believe that appellant committed the acts of aggravated robbery and robbery, as charged in Counts 14 and 15. Further, the parties stipulated that appellant was 17 years old at the time of the offenses. Thus, the only issue before this court is whether the state provided sufficient evidence to establish that appellant committed the acts charged. To this end, we find that the state produced sufficient evidence to establish probable cause to believe that appellant committed the acts charged.

{¶24} Lastly, appellant appears to argue that the juvenile court erred when it found probable cause that appellant committed Counts 1 through 4 and 14 and 15 under a complicity

theory. In particular, the juvenile court found probable cause that appellant committed these counts based on appellant's conduct, notably either assisting in the robberies or acting as a getaway driver for his cohorts who themselves committed the robberies.

{¶25} The First District was faced with a similar argument in *In re Moore*, 1st Dist. Hamilton Nos. C-090576, C-090577, and C-090578, 2010-Ohio-3991. In *Moore,* the court found that the juvenile court "exceeded the scope of a bindover hearing when it went beyond determining whether the state had presented evidence of probable cause for an attempted-murder charge and sua sponte amended that charge to attempted manslaughter." *Id*. at ¶ 26. The First District determined

> Juv.R. 30(A) expressly provides that when the court is considering relinquishment of jurisdiction, it "shall hold a preliminary hearing to determine if there is probable cause to believe that the child committed the act alleged and that the act would be an offense if committed by an adult."

*Id.*, citing Juv.R. 30(A). Thus, the juvenile court's finding "should have been limited solely to whether there was probable cause to believe that Moore had committed attempted murder." *Id.*

{¶26} We do not find *Moore* analogous to the instant matter. The juvenile court did not exceed the scope of the bindover hearing by finding that the state presented sufficient evidence that appellant committed the offenses under a complicity theory. The juvenile court simply assessed the evidence as it was presented. In this regard, the juvenile court did not violate its duties pursuant to Juv.R. 30(A).

{¶27} Accordingly, appellant's second assignment of error is overruled.

### C.  Subject-Matter Jurisdiction

{¶28} In appellant's third assignment of error, he argues that the adult court erred in convicting him of Counts 7 through 13 because these charges were not transferred from the juvenile court.

{¶29} More specifically, appellant argues that the adult court "lacked subject-matter jurisdiction to indict, try, and convict [appellant] on [C]ounts 7 through 13 because those charges had already been dismissed for lack of probable cause." Appellant's brief at 20. Although the juvenile court granted the state's bindover motion, the juvenile court ruled that "[p]robable [c]ause was not found on [C]ounts 7 through 16."[1]

{¶30} Initially, we note that six of the seven counts to which appellant takes issue were nolled by the prosecutor as part of a plea agreement. We cannot fathom how appellant could therefore establish that he was in any way prejudiced because he was not convicted of Counts 8 through 13. Appellant benefitted from these dismissals because he has fewer convictions. *State v. Lenard*, 8th Dist. Cuyahoga No. 99149, 2013-Ohio-1995, ¶ 19. Appellant conceded as much at oral arguments and, as a result, asks us to vacate his conviction as to Count 7 only.

{¶31} With regards to Count 7, aggravated robbery, the juvenile court found that the state did not present sufficient evidence to find probable cause that appellant committed the offense charged. However, the juvenile court granted the state's bindover motion, and thereafter, appellant was indicted in the adult court in a 28-count indictment that included Count 7.

{¶32} The Ohio Supreme Court has ruled that absent a proper bindover proceeding in the juvenile court, the trial court lacks subject-matter jurisdiction and any conviction thereafter is void ab initio. *State v. Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995). R.C. 2152.12

---

[1] In our review of the record, we note that appellant takes issue with Counts 7 through 13 only, and makes no mention of Counts 14, 15, and 16 in this assignment of error.

governs a juvenile court's authority to transfer a child to the general division of the common pleas court. R.C. 2152.12(A) governs mandatory bindovers and 2152.12(B) governs discretionary bindovers. Because appellant was charged with aggravated robbery, with a criminal gang activity specification and with one- and three-year firearm specifications, this charge was a category-two offense as defined under R.C. 2152.02(BB). This offense was subject to a mandatory bindover because it is a category-two offense as defined under R.C. 2152.02(BB).

{¶33} However, the juvenile court found that the state did not present sufficient evidence that appellant possessed a firearm in connection to the robberies, and as such, the bindover motion was to be considered under the discretionary bindover standards.

{¶34} Under Ohio's juvenile justice system, a juvenile may be transferred to the adult court by way of a mandatory transfer or discretionary transfer.

> "Mandatory transfer removes discretion from judges in the transfer decision in certain situations. * * * Discretionary transfer, as its name implies, allows judges the discretion to transfer or bind over to adult court certain juveniles who do not appear to be amenable to care or rehabilitation within the juvenile system or appear to be a threat to public safety."

*State v. Mays,* 2014-Ohio-3815,18 N.E.3d 850, ¶ 17 (8th Dist.), quoting *State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 894, ¶ 10.

{¶35} In instances of discretionary transfers, the juvenile court has additional obligations prior to transferring the matter to adult court.

> [T]he juvenile court is also to determine the age of the child and whether probable cause exists to believe that the juvenile committed the act charged. R.C. 2152.10(B) and 2152.12(B)(1) and (2). However, if probable cause exists and the child is eligible by age, the juvenile court must then continue the proceeding for a full investigation. R.C. 2152.12(C) and Juv.R. 30(C). This investigation includes a mental examination of the child, a hearing to determine whether the child is "amenable to care or rehabilitation within the juvenile system" or whether

"the safety of the community may require that the child be subject to adult sanctions," and the consideration of 17 other statutory criteria to determine whether a transfer is appropriate. Juv.R. 30(C); R.C. 2152.12(B), (C), (D), and (E).

*In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 12.

**{¶36}** In support of his argument that the adult court lacked subject-matter jurisdiction, appellant directs this court's attention to *State v. Rosser*, 8th Dist. Cuyahoga No. 104624, 2017-Ohio-5572. In *Rosser*, this court found that the adult court lacked subject-matter jurisdiction because the juvenile court failed to hold an amenability hearing. Rosser argued on appeal that his counsel was ineffective for failing to move to dismiss counts in the indictment that were subject to a discretionary bindover. Rosser argued that because the adult court failed to hold an amenability hearing relative to these counts, his convictions in the adult court were void. This court agreed noting that

> [T]he juvenile court, prior to transferring Rosser pursuant to R.C. 2152.12(B), concluded that Rosser was over the age of 14 at the time of the offense, and there was probable cause to believe he committed the act charged. However, it failed to conduct an amenability hearing as required. While the amenability hearing may have been a futile act, the failure to conduct such hearing was a jurisdictional impediment that deprived the [adult court] of jurisdiction over the case. Absent a proper bindover proceeding in the juvenile court, the [adult court] lacks subject-matter jurisdiction over the case and any conviction obtained there is void ab initio. *Wilson*, 73 Ohio St.3d [at] 44, 652 N.E.2d 196.

> Accordingly, Rosser's counsel was deficient for failing to request dismissal of the indictment because the juvenile court improperly transferred the case to the [adult court]. Because the [adult court] did not have jurisdiction over the matter, Rosser's convictions are reversed and the case is remanded to the juvenile court to conduct an amenability hearing pursuant to R.C. 2152.12(B).

*Id.* at ¶ 28-29.

**{¶37}** In the instant matter, notwithstanding the juvenile court's finding as to probable cause on Count 7, the adult court had jurisdiction over Count 7, and all 28 counts, pursuant to R.C. 2152.12(I).

> Upon the transfer of a case under division (A) or (B) of this section, the juvenile court shall state the reasons for the transfer on the record, * * *. The transfer abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint, and, upon the transfer, all further proceedings pertaining to the act charged shall be discontinued in the juvenile court, and the case then shall be within the jurisdiction of the court to which it is transferred as described in division (H) of section 2151.23 of the Revised Code.

R.C. 2152.12(I).

**{¶38}** Therefore, to the extent that appellant argues that Count 7 was dismissed by the juvenile court, this is not an accurate procedural characterization. Pursuant to R.C. 2152.12(I), the juvenile court was required to hold a hearing on the state's bindover motion. At this hearing, the juvenile court was tasked with determining whether or not there was probable cause that appellant committed the acts charged. If the juvenile court found probable cause, the juvenile court abates jurisdiction and transfers the matter to the adult court pursuant to R.C. 2152.12(I).

**{¶39}** To this extent, R.C. 2152.12(I) does not afford a juvenile court with the authority to dismiss counts on the basis of whether or not the state has established probable cause. Indeed, the state's bindover motion, pursuant to R.C. 2152.10, does not allow or explicitly empower the juvenile court with this authority. The issue before the juvenile court is whether or not "there is probable cause to believe that the child committed the act charged." R.C. 2152.12(B)(2). If the juvenile court finds probable cause, the bindover motion is granted, and the matter is transferred to the adult court. *See State v. Whisenant*, 127 Ohio App.3d 75, 81, 711 N.E.2d 1016 (11th

Dist.1998) (noting that the bindover proceedings are not adjudicative in that the juvenile's guilt or innocence is not at issue).

{¶40} However, in our review of the record, it appears that the juvenile court, at the close of the state's presentation of evidence at the probable cause hearing, did dismiss the counts in which it found the state did not establish probable cause. At the probable cause hearing, the juvenile court stated that appellant would return for an "amenability hearing on the charges that I indicated with the [other] charges being dismissed." (Tr. 360.)

{¶41} The juvenile court's dismissal of these counts is outside the scope of the probable cause hearing. We note that in limited circumstances, a juvenile court may dismiss a complaint pursuant to Juv.R. 9(A) outside of a formal court hearing. *See In re D.S.*, 152 Ohio St.3d 109, 2017-Ohio-8289, 93 N.E.3d 937. However, a juvenile court's ability to dismiss a complaint, or dismiss particular counts within the complaint, does not appear to extend to a probable cause hearing. *See id.* at ¶ 11.

{¶42} Moreover, we note that a grand jury may consider and even return an indictment on charges that were not originally filed in the juvenile complaint. *Whisenant*, 127 Ohio App.3d 75, 81, 711 N.E.2d 1016, at fn. 4.

> "It is well established in Ohio jurisprudence that upon transfer from juvenile court, a grand jury is authorized to return a proper indictment on the facts submitted to it, and is not confined to the charges originally filed in the juvenile court. *State v. Adams*, 69 Ohio St.2d 120, 431 N.E.2d 326 (1982), paragraph two of the syllabus. To confine an indictment solely to the charges presented from juvenile court would improperly restrict the power of the grand jury to review the facts and indict on the charge or charges it feels is appropriate in any given case."

*State v. Beauregard,* 8th Dist. Cuyahoga No. 101418, 2015-Ohio-1021, ¶ 28, quoting *State v. Foust*, 3d Dist. Crawford No. 3-07-11, 2007-Ohio-5767, ¶ 17.

**{¶43}** We find our decision in *Mays*, 2014-Ohio-3815, 18 N.E.3d 850, particularly instructive on the instant matter. Mays was charged in a juvenile complaint with offenses which subjected him to a mandatory bindover. The juvenile court granted the state's bindover motion and thereafter transferred the entirety of the complaint to the adult court, which included charges that subjected Mays to a discretionary bindover.

**{¶44}** On appeal, Mays argued that the juvenile court erred when it transferred nonmandatory offenses along with the mandatory offenses. Mays argued that once the juvenile court determined that he was subject to a mandatory bindover based on the juvenile court's findings of probable cause on the mandatory offenses, the juvenile court was then required to comply with the amenability procedures outlined in R.C. 2152.12(B) with regard to the discretionary bindover offenses prior to transferring the matter to the adult court. *Id.* at ¶ 31.

**{¶45}** This court disagreed with Mays and ruled that

> because the offenses in this matter were committed during the same course of conduct, the [juvenile] court had the authority to transfer the entire case pursuant to R.C. 2152.12(I) once it found sufficient probable cause to warrant a mandatory transfer of Count 2 to the adult court. *See State v. Brookshire,* 2d Dist. Montgomery No. 25853, 2014-Ohio-1971, ¶ 14 (holding that when multiple offenses arise from the same "course of conduct" and the juvenile court properly transfers the mandatory transfer offense to the adult court, all further proceedings on the remaining offenses are discontinued in the juvenile court pursuant to R.C. 2152.12(I)).

*Id.* at ¶ 28. If the matter was not transferred in its entirety, judicial economy would be jeopardized and the matter would be split into two proceedings in two separate courts on the same set of facts and circumstances. *Id.*, citing *State v. Washington,* 2d Dist. Montgomery No. 20226, 2005-Ohio-6546, ¶ 26.

**{¶46}** We must therefore determine if Count 7 was part of a "course of conduct." In *Mays*, 2014-Ohio-3815, 18 N.E.3d 850, this court noted that the "'same course of conduct' [has]

been defined as 'offenses that through their similarity, regularity and time between them are concluded to be part of a single episode, spree, or ongoing series of offenses.'" *Mays* at fn. 2, quoting *United States v. Sheehan,* D.Mont. No. CR 09-13-M-DWM, 2009 U.S. Dist. LEXIS 99800 (Oct. 27, 2009).

{¶47} In the instant matter, appellant was indicted in a 28-count indictment for several robberies occurring over a span of several weeks. These robberies had identical facts and circumstances, to wit; appellant and his gang members drove around in previously stolen vehicles prowling for vulnerable individuals to rob, at gunpoint, with the aim of stealing the individual's vehicle and personal belongings. Count 7 was committed on March 18, 2016. The other counts in the indictment were committed on February 11, March 1, March 9, March 11, March 13, and March 16, 2016. Based on these facts, we find that all of the charges in the juvenile complaint were part of "the same course of conduct" because the similarity of the offenses can be considered as part of a single crime spree. *Id. See also State v. Smith*, 9th Dist. Summit No. 26804, 2015-Ohio-579, ¶ 22. As such, the juvenile court had authority pursuant to R.C. 2152.12(I) to transfer the entire case, including Count 7.

{¶48} Accordingly, appellant's third assignment of error is overruled.

### D.  Ineffective Assistance of Counsel

{¶49} In appellant's fourth assignment of error, he argues that he was denied the effective assistance of counsel in the juvenile court proceedings because his counsel failed to object to the state's motion for joinder at the probable cause hearing. Appellant also argues that he was denied the effective assistance of counsel in the adult court proceedings because his counsel failed to request a dismissal as to the counts in the indictment in which the adult court lacked subject-matter jurisdiction.

**{¶50}** Our review of appellant's arguments in this regard is limited because appellant pled guilty. As the Ohio Supreme Court explained in *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992):

> "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea * * *."

*Id.* at 271-272, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

**{¶51}** By pleading guilty, appellant has waived the right to claim ineffective assistance of counsel, except to the extent that the defect or ineffective assistance caused his guilty plea to be less than knowing, intelligent, and voluntary. *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 14. *See also State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.2d 307, ¶ 73; *State v. Martin*, 8th Dist. Cuyahoga No. 95281, 2011-Ohio-222, ¶ 20; *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 30 (8th Dist.); *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11.

**{¶52}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996)

**{¶53}** Crim.R. 11(C)(2) provides:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Thus, in considering whether a plea was entered knowingly, intelligently, and voluntarily, "an appellate court examines the totality of the circumstances through a de novo review of the record." *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 7.

**{¶54}** In our review of the plea hearing transcript, the adult court did comply with the above Crim.R. 11(C)(2) requirements, and therefore, appellant's plea was knowingly, intelligently, and voluntarily entered in this regard.

**{¶55}** Accordingly, appellant's fourth assignment of error is overruled.

### III. Conclusion

**{¶56}** Appellant failed to object to the joinder at the probable cause hearing and therefore, has waived any claim of error concerning the joinder. The state produced sufficient evidence to establish probable cause on Counts 1, 2, 3, 4, 14, and 15. The adult court had jurisdiction over Count 7. Appellant was not denied the effective assistance of counsel in the juvenile court proceedings or the adult court proceedings.

**{¶57}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
RAYMOND C. HEADEN, J., CONCUR